Mr. Justice Nott
delivered the opinion of the court.
In the case of Hays & Harley, (1 Con. Rep. 267, ) it was decided that the ordinary was a judicial officer in the contemplation of the constitution, and therefore entitled to hold his office during good behaviour. And although I dissented from that decision, yet the question having been settled, I think it ought not again to be disturbed. Harley had indeed been elected before the year 1812,'when there was no limitation of the office by any act of the legislature, and had been commissioned during good behaviour-. But the principle on which the two cases depend, is nevertheless the same. If the constitution secures to the ordinary his office during good behaviour, it cannot be abridged by an act of the Legislature j neither can it be limited by the terms of the commission. The governor,-in granting a commission, acts ministerially, apd therefore ought to make it conform to the law and the constitution. The commission does not confer the office ; it is only evidence of it, and cannot change the tenure by which the constitution declares that it shall be held. As soon as an ordinary' is elected, be is in office under the constitution, and entitled to all the rights and immunities conferred by that instrument.
Whether such a construction would be given to a mere ’•emnorary appointment by the governor, during an occa> *240 •sional vacancy■ of the office until an election could Cake? place, is a question on which it is not now intended to.ex press an opinion. A person so appointed may, perhaps, be considered in the nature of a locum tenens, without acquiring a permanent tenure in the office. The public good would seem to require that such an office should always be filled, and it is the duty of the government to take care. ne quid detrimenti respublica capiat.
Y/illiams, for the1 motion.
Fernandis, contra.
The motion in this case must be refused.,
Justices Colcock, Johnson, Gantl and linger, concurred,
Justice Richardson :
I acquiesce in this decision by reason that the point haú been before decided.